UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TATIANA NERONI,

                              Petitioner,

      v.                                        3:08-mc-080

MICHAEL CHERTOFF, in his capacity as
Secretary of Homeland Security,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Petitioner Tatiana Neronia, proceeding *pro se*, seeks an order pursuant to 8 U.S.C. § 1447(b) obtaining jurisdiction over, and granting, her petition for citizenship on the ground that more than 120 days has passed since her immigration examination. The government opposes the motion and requests that this matter be remanded to United States Citizenship and Immigration Services ("USCIS") for completion of the application process.

        Petitioner filed an application for Naturalization in April 2004. She had an interview with USCIS on September 20, 2004. The government contends that Petitioner's case was continued "as her FBI investigation had not yet been completed." The FBI investigation was not completed until March 21, 2008.[1] Thus, the interview was conducted prior to the completion of the background check. The United States Attorney's office states that, upon receiving notice of the instant litigation, it requested USCIS to expedite her application.

---

[1] The government provides no explanation for the length of the investigation.

USCIS advised that it would schedule Plaintiff for an "update interview and fingerprinting." Although willing to be fingerprinted, Plaintiff refused an update interview contending that her application should be processed based on the initial interview. The government states that it wishes "to resolve this matter as quickly as possible by remand to the USCIS to complete processing of the naturalization application." In that regard, the government states that Petitioner has been scheduled for an update interview on December 31, 2008 and, assuming there are no problems, she will be naturalized shortly thereafter. See Dec. 15, 2008 Status Letter (Dkt. No. 8).

In her reply papers, Plaintiff states that she is entitled to immediate citizenship, that the government has failed to supply any evidence suggesting that her FBI investigation was continued, and the government has failed to supply any legal authority for an update interview.

**Discussion**

Pursuant to 8 U.S.C. § 1447(b), this Court has jurisdiction over a petition for naturalization where the USCIS fails "to make a determination under 8 U.S.C. § 1446" within 120 days of the examination contemplated by § 1446(b). 8 U.S.C. § 1447(b).[2] There is a split of authority whether an initial examination conducted prior to completion of the FBI background check constitutes the examination that triggers the 120 day period. Compare

---

[2] 8 U.S.C. § 1147(b) provides as follows:

(b) Request for hearing before district court

If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Manzoor v. Chertoff, 472 F. Supp.2d 801, 808 (E.D. Va. 2007) (120 day period runs from initial interview) with Martinez v. Gonzales, 463 F. Supp.2d 569 (E.D. Va. 2006) (120 day period does not run until the background check has been completed).  The majority of courts have held that the 120 day period runs from the date of the initial USCIS interview, even if that interview was held prior to completion of the FBI background check.  This Court agrees with those courts that have held that, as used in § 1447, the term "examination" does not refer to the entire background investigation process, but, rather, to an interview held at a discrete time.  See Aslam v. Gonzales, 20206 WL 3749905, at *1 (W.D. Wash. 2006); Manzoor, 472 F. Supp.2d at 809-10.  The Court disagrees, however, that an initial interview conducted prior to the completion of the FBI background check qualifies as the examination that triggers the 120 period.  This is because, although the USCIS sometimes conducts initial interviews prior to completion of the background check in an effort to expedite the naturalization process, see Shalabi v. Gonzales, 2006 WL 3032413, at *1 (E.D. Mo. 2006) ("[s]ometimes. . . . the USCIS will conduct the examination of an application before a full criminal background check is completed in an attempted to expedite the naturalization process,"), the applicable regulations preclude an initial examination of the applicant until "after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b).  Moreover, while 8 C.F.R. § 335.3(a) provides that "[a] decision to grant or deny the application shall be made at the time of the *initial examination* or within 120-days after the date of the *initial examination* of the application for naturalization," (emphasis added), as discussed, the regulations expressly provide that the "initial examination" cannot be conducted until after completion of the FBI background check.  8 C.F.R. § 335.s(b).  Thus,

although an initial interview may be scheduled, where the background check has not been completed, no initial examination within the meaning of 8 U.S.C. §§ 1446 and 1447 or 8 C.F.R. §§ 335.2 and 335.3 can take place. It, therefore, follows that the "examination" referenced in § 1447 cannot transpire until after the completion of the FBI background check. Accordingly, the 120 day period does not run until the post-FBI background check examination has been completed.

Here, there has not been a post-FBI background check examination. Because there has been no such examination, the 120 day period has not yet commenced. It, therefore, follows that the Court lacks subject matter jurisdiction over the petition and the petition remains before the USCIS for a determination.

Even assuming the Court does have subject matter jurisdiction because more than 120 days have passed since Petitioner's initial interview, the result would be the same. Pursuant to section 1147(b), the Court may either "determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." The overwhelming majority of courts that have exercised subject matter jurisdiction have remanded the matter to the USCIS with instructions for processing. See Manzoor, 472 F. Supp.2d at 810. This Court similarly finds that remand would be appropriate because: (1) Petitioner has failed to supply the Court with her naturalization petition or any other supporting papers upon which the Court could make a determination that she is eligible for naturalization; (2) the Court is not equipped to make the necessary inquiry and investigation into Petitioner's background to determine her eligibility for naturalization; (3) the applicable regulations contemplate an examination *after* the completion of the background investigation, 8 C.F.R. § 335.2(b); (4) § 1447(d) does not require the USCIS to make a decision within 120 days of the initial

interview; and (5) it would not be prudent for this Court or USCIS to make any determinations absent the completion of a full background investigation. See Manzoor, 472 F. Supp.2d 801 (and cases cited therein).

"In summary, regardless of whether an action such as this one is dismissed for lack of subject matter jurisdiction or remanded to [USCIS], the bottom line is the same. This court, like the overwhelming majority of courts, will not assume [USCIS's] responsibilities related to the adjudication of a particular naturalization application merely because the FBI's investigation of the applicant has been delayed." Manzoor, 472 F. Supp.2d at 810. Based on the foregoing, including the government's representation that the background investigation is complete and that Petitioner is scheduled for an interview on December 31, 2008, Petitioner's petition is DENIED and Defendant's motion to remand is GRANTED. The Court denies the request to determine Petitioner's naturalization application. This matter is REMANDED to USCIS for a determination on Petitioner's application for naturalization as soon as possible. In making its determination, USCIS may take an additional set of fingerprints from Petitioner and conduct a follow-up interview.

IT IS SO ORDERED.

Dated: December 16, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge